CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
4/5/2019
JULIA C. DUDLEY, CLERK
BY: s/ C. Amos
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 6:09-cr-00007 |
| v. | MEMORANDUM OPINION |
| ANTONIO DEWAYNE WOOD, *Defendant*. | JUDGE NORMAN K. MOON |

Defendant Antonio Dewayne Wood ("Defendant") has filed a motion for reduction of sentence pursuant to the First Step Act of 2018. (Dkts. 156,162). The motion has been fully briefed and is ripe for review. For the following reasons, the Court will grant Defendant's motion.

A Superseding Indictment was filed against Defendant on May 14, 2009. (Dkt. 75). On July 28, 2019, he pled guilty to Count 3 of the Superseding Indictment, distributing or possessing with the intent to distribute or aiding and abetting in distribution or possession with intent to distribute, 5 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2. (Dkt. 89). Pursuant to 21 U.S.C. § 841(b)(1)(B), this offense triggered a five year mandatory minimum and a forty year maximum. Defendant later filed a motion to reduce his sentence pursuant to Amendment 750, but it was denied due to his career offender status. (Dkts. 124, 125, 126). Defendant then filed this motion pursuant to the newly enacted First Step Act. (Dkt. 156, 162).

Section 404 of the First Step Act of 2018 permits "a court that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was

committed." Pub. L. No. 115-015, § 404, 132 Stat. 015, 015 (2018). A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010." *Id*.

Modifications of sentences under the First Step Act are governed by 18 U.S.C. § 3582(c)(1)(B), which states: "The court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." In determining if modification is appropriate, the Court will first address whether a reduction is consistent with the First Step Act, and will then "consider whether the authorized reduction is warranted, either in whole or in part, according to the facts set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010) [1]

The parties agree that Defendant's offense of conviction is a "covered offense" as defined by the First Step Act. The offense was committed before August 3, 2010 and the applicable penalties were modified by section 2 of the Fair Sentencing Act, which "reduced the statutory penalties for cocaine based offenses" in order to "alleviate the severe sentencing disparity between crack and powder cocaine." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016). As relevant in this case, section 2 of the Fair Sentencing Act increased the drug quantities necessary to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Pub. L. No.

---

[1] Although subsection 3582(c)(1)(B) does not reference 3553(a) as do other 3582(c) subsections, that alone does not bar consideration of other factors. While the *Dillon* Court analyzed the procedures under § 3582(c)(2), the language quoted is reflected in § 3582(c)(1)(B). Additionally, this approach is mirrored by the Fourth Circuit's analysis under Rule 35(b), which allows the Court to "consider other sentencing factors . . . when deciding the extent of a reduction." *United States v. Davis*, 679 F.3d 190, 195 (4th Cir. 2012); *see also* United States Sentencing Commission, Office of Education and Sentencing Practice, *FIRST STEP Act*, https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP-Act.pdf (last visited Feb. 11, 2019). ("[T]he courts should consider the guidelines and policy statements, along with the other 3553(a) factors, during the resentencing.").

111–220, 124 Stat. 2372 (2010). Specifically, the threshold requirement to trigger the mandatory minimum sentence of ten years under 21 U.S.C. § 841(b)(1)(A) was increased from 5 grams to 28 grams. *Id*.

The United States chose not to seek a § 851 enhancement, but the parties agreed Defendant would was likely to be treated as a career offender under the Guidelines. (Dkt. 168 at 2). After accounting for the career offender guideline, U.S.S.G. § 4B1.1, and acceptance of responsibility, the sentencing guideline range was 188 to 235 months' imprisonment. (Dkt. 162). The Court imposed a sentence of 160 months' imprisonment. (Dkt. 103). Under the First Step Act, Defendant's guideline range is 151 to 188 months, and a comparable variance would result in a sentence of 129 months. (Dkt. 161).

The Court has been advised that Defendant's projected release date is January 10, 2021, and, as of February 13, 2019, he has served approximately 118 months of his sentence. (Dkt. 161, 162). The Government does not dispute that a reduction is appropriate in this case, (dkt. 168), and Defendant requests that "the Court adopt the analysis provided in the Addendum to the Presentence Report," and reduce his sentence to 129 months. (Dkt. 162). After consideration of the § 3553(a) factors as well as the parties' arguments, the Court determines that a reduction of Defendant's sentence to 129 months, but not less than time served is appropriate. Defendant's sentence will be followed by a term of supervised release of 3 years. All other terms of the original sentence will remain the same.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to Defendant, all counsel of record, the United States Probation Office, and the United States Marshals Service, for delivery to the Bureau of Prisons.

Entered this  5th  day of April 2019.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE